Judge Nicholas
delivered the Opinion of the Court.
Tins was an action, brought by the appellants, to recover the amount of a bill of exchange drawn by Waggeiier, in their favor, on the appellee, Ward, and by him accepted.
The declaration contains several special counts and the usual money count. An issue was tried on the latter, and the jury, under the instruction of the court, found for Ward. To the pleas filed by him to the other counts, the appellants replied; their replications were demurred to, and. the demurrers sustained.
The special counts, in addition to the acceptance made by Ward on the face of the bill, charge that Waggener drew the bill by virtue of a written authority from Ward, which was exhibited to one of the firm of Vance and Dicks, before he bought the bill, and that it was bought on.the faith of that authority. The pleas, without denying this allegation, state •' VI JO o *96 that Ward made his acceptance on the face of the bill, f°r the accommodation of Vance and Dicks, and under an assurance that if Waggener did not take it up at maturityi l®iey would.
It is well settled, that such authority as is charged in the declaration to have been given for drawing the bill, if shewn to the person who buys it upon the credit of such authority, is equivalent to, and may be treated as, an actual acceptance on the part of him who gave the authority. Coolidge vs. Payson, 2 Wheaton, 66. Goodrich vs. Gordon, 15 Johnson, 6. There xvas, therefore, no need for the acceptance made by Ward on the face"of the bill, as he was equally bound without it; and the promise made by Vance and Dicks, to induce him to make that acceptance, was without consideration, and, consequently, not obligatory upon them. The pleas were, therefore, had, and it is useless to enquire into the sufficiency of the excuse alleged in their replications for making that promise ; that is, that it was made by one of them in ignorance of the authority upon which it was drawn, and of the circumstances under which it had been bought by the other partner.
The demurrers should have been overruled, and the pleas adjudged insufficient.
The court also erred, on the trial of the issue, in rejecting the deposition of Kingsley. We have not been able to discover any plausible ground for its rejection, and none has been suggested in argument.
Judgment reversed, with costs, and cause remanded, with directions to set aside' the verdict, and for further proccdings consistent with this opinion.